IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-132-D
No. 7:22-CV-34-D

| | |
|---|---|
| GARRY HINES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On March 3, 2022, Garry Hines ("Hines" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 276-month sentence [D.E. 129] and filed a memorandum in support [D.E. 130].[1] On May 18, 2022, the government moved to dismiss Hines's section 2255 motion [D.E. 136] and filed a memorandum in support [D.E. 137]. On May 20, 2022, the court notified Hines of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 136]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 17, 2022, Hines responded in opposition [D.E. 141]. As explained below, the court grants Hines's motion for additional time to respond, grants the government's motion to dismiss, and dismisses Hines's section 2255 motion.

I.

On November 14, 2018, Hines, without a written plea agreement, pleaded guilty to

---

[1] Hines attempted to file his motion earlier, but he inadvertently sent an empty envelope to the court. See [D.E. 127]. After the court informed Hines about his empty envelope, he moved for additional time to file his section 2255 motion [D.E. 128]. The court grants Hines's motion for additional time.

distributing a quantity of heroin and aiding and abetting (count one), distributing a quantity of heroin (count four), and possession with intent to distribute a quantity of heroin (count five). See Rule 11 Tr. [D.E. 91] 2–24. On December 16, 2019, the court held Hines's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved Hines's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 54]; Sent. Tr. [D.E. 120]. After withholding a reduction for acceptance of responsibility due to Hines's conduct at sentencing, the court calculated Hines's offense level to be 38, his criminal history category to be II, and his advisory guideline range to be 267 to 327 months' imprisonment for each count. See Sent. Tr. 3–98; PSR ¶ 71. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hines to 276 months' imprisonment on each count to be served concurrently. See Sent. Tr. 98–109; [D.E. 112]. On January 9, 2020, Hines appealed [D.E. 114]. On December 3, 2020, the Fourth Circuit affirmed. See United States v. Hines, 830 F. App'x 413 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 122].

II.

In Hines's section 2255 motion, Hines argues that he was denied effective assistance of counsel because Hines's counsel (1) failed to adequately explain to Hines the advisory guidelines and Hines's potential "sentencing exposure"; (2) failed to pursue plea negotiations; (3) failed to challenge the sentence on each count for exceeding the statutory maximum of 240 months' imprisonment per count; (4) failed to conduct an adequate investigation; (5) objected to the PSR drug-weight calculation at sentencing thereby losing Hines a three-level reduction for acceptance of responsibility; and (6) failed to argue "controlling precedent" on appeal. See [D.E. 130] 5–38; [D.E. 141] 2–12.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure

2

to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a

3

sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Hines must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Hines's claim about his counsel's alleged failure to explain the advisory sentencing guidelines and Hines's potential sentencing exposure contradicts his sworn statements during his Rule 11 proceeding, and Hines's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403

4

F.3d 216, 221–23 (4th Cir. 2005). At Hines's Rule 11 hearing, the court explained the sentencing process and the advisory guidelines and asked if Hines spoke to his attorney about the sentencing process in federal court. Rule 11 Tr. [D.E. 91] 19. Hines replied "[y]es, sir." Id. Hines also affirmed that he understood the charges, the maximum penalties, the rights he would give up if he pleaded guilty, and all the possible consequences he could face if he pleaded guilty. Id. at 2–18. To the extent Hines's counsel failed to explain any of the process or consequences, the court cured any such deficiency during the Rule 11 hearing and before Hines pleaded guilty. See id. at 2–27. Accordingly, this claim fails. See Strickland, 466 U.S. at 687–96.

As for his other pre-sentencing objections, Hines cites his counsel's alleged failure to pursue plea negotiations and speculates that he could have received a plea agreement in which he pleaded guilty to only one count. See [D.E. 141] 4–5. Hines also claims that all three of his attorneys were deficient for failure to investigate by not "interviewing all potential witnesses, reviewing relevant documents, and going over them with [Hines]." [D.E. 137] 33.

At Hines's Rule 11 hearing, Hines did not raise any concerns with his counsel's performance regarding their investigation or possible plea negotiations. See Rule 11 Tr. at 2–12. Hines does not plausibly allege that counsel failed to conduct an adequate investigation. Cf. Premo v. Moore, 562 U.S. 115, 123–28 (2011); Bobby, 558 U.S. at 10–13; Knowles v. Mirzayance, 556 U.S. 111, 124–27 (2009); United States v. Cronic, 466 U.S. 648, 663–66 (1984); Strickland, 466 U.S. at 687–91; United States v. Stewart, 256 F.3d 231, 246 (4th Cir. 2001). Moreover, Hines does not plausibly allege that the government was prepared to offer a favorable plea agreement to Hines or that counsel withheld a plea offer from Hines. Cf. Frye, 566 U.S. at 145. Simple conclusory assertions and speculation are insufficient to survive dismissal. See Iqbal, 556 U.S. at 678. Simply put, the United States had no obligation to engage in plea negotiations. See Weatherford v. Bursey, 429 U.S. 545,

5

561 (1997). And, defense counsel had no obligation to sua sponte pursue such negotiations. See, e.g., United States v. Morel, No. 07-CR-4899(DC), 2010 WL 2900318, at *4 (S.D.N.Y. July 22, 2010) (unpublished). Accordingly, Hines has not plausibly alleged deficient performance. See Strickland, 466 U.S. at 687–96.

Hines also contends that his counsel's decision to object to the drug weight in the PSR at sentencing caused Hines to lose acceptance of responsibility at sentencing. The record contradicts Hines's assertion that counsel alone decided to object to the drug weight or that the objection alone caused Hines to lose a three-level reduction for acceptance of responsibility. See Rule 11 Tr. at 2–89. Hines insisted on the objection. See id. Moreover, after Hines insisted on proceeding with the objection and after the court heard evidence on the objection, the court found that Hines falsely denied certain drug weight. See id. at 91–98. It was Hines's egregious false denial, not the objection from counsel, which led to the court to withhold the three-level reduction for acceptance of responsibility. See id. Accordingly, this claim fails. See Strickland, 466 U.S. at 687–96.

Hines also argues that his counsel's failure to object to the sentence above the statutory maximum of 240 months' imprisonment on each count constituted deficient performance. Hines claims that if counsel had objected at sentencing, then the Fourth Circuit would have analyzed Hines's arguments on appeal under a more lenient standard of review. See [D.E. 141] 8.

The court rejects Hines's argument. First, if Hines's counsel objected at sentencing, the court would have sentenced Hines to 240 months' concurrent imprisonment on count one and count four and 36 months' consecutive imprisonment on count five, for a total sentence of 276 months' imprisonment. See U.S.S.G. § 5G1.2(d); United States v. Allen, 491 F.3d 178, 195 (4th Cir. 2007).

6

Case 7:18-cr-00132-D   Document 142   Filed 11/14/22   Page 6 of 9

Second, the Fourth Circuit noted that "[b]ecause [counsel] failed to present this claim to the district court, it is reviewed only for plain error." Hines, 830 F. App'x at 415. Even had counsel objected to the sentence, Hines has not plausibly alleged prejudice. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the deficient performance had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010) (per curiam); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Hines has not plausibly alleged that he would have received a difference total sentence if counsel had objected at sentencing or if the Fourth Circuit used a more lenient standard of review. As the Fourth Circuit noted on appeal in this case, if counsel had reminded the court of the statutory maximum at sentencing or upon remand, the court would have issued a sentence totaling 276 months' imprisonment on each count by imposing two concurrent 240 month sentences and one 36 month consecutive sentence. See U.S.S.G. § 5G1.2(d); Allen, 495 F.3d at 195. As the Fourth Circuit recognized, "the district court could have lawfully imposed the sentence Hines ultimately received by imposing consecutive terms of imprisonment totaling 276 months." Hines, 830 F. App'x at 415. Moreover, this court's alternative sentence bolsters the conclusion that counsel's lack of objection did not prejudice Hines. See Sent. Tr. at 110; Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, because Hines would have received the same total sentence even if counsel had objected, Hines has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

7

Finally, Hines challenges his counsel's performance on appeal. Hines argues that the Fourth Circuit improperly affirmed this court's sentence due to appellate counsel's failure to challenge the sentence and to cite United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001) (en banc). See [D.E. 141] 8–9. Appellate counsel, however, argued that the 276-month sentence on each count was improper and the Fourth Circuit directly addressed this argument in its opinion. Brief of Appellant at 6–10, United States v. Hines, 830 F. App'x 413 (4th Cir. 2020); Hines, 830 F. App'x at 415. The Fourth Circuit is aware of its precedent, such as Promise. Moreover, Hines cannot use section 2255 to recharacterize this claim as an ineffective assistance of counsel claim and relitigate an argument that he raised and lost on direct appeal. See Bousley, 523 U.S. at 622–23; United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails. See Strickland, 466 U.S. at 691–96.

After reviewing the claims presented in Hines's motion, the court finds that reasonable jurists would not find the court's treatment of Hines's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In sum, the court GRANTS petitioner's motion for additional time to file [D.E. 128], GRANTS the government's motion to dismiss [D.E. 136], DISMISSES petitioner's section 2255 motion [D.E. 81], and DENIES a certificate of appealability. The clerk shall close the case.

8

SO ORDERED. This 11 day of November, 2022.

                                                JAMES C. DEVER III
                                                United States District Judge